THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CORNELIUS P. BAANS, PLAINTIFF IN ERROR.

Argued June 4, 1908—Decided November 9, 1908.

The defendant was indicted for keeping a disorderly house, and upon the trial proof was admitted of specific acts of immorality committed elsewhere by women who obtained admission to defendant's public house. *Held,* the testimony was inadmissible to establish the general reputation of the women.

---

On error to Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the state, *Pierre P. Garven,* prosecutor of the pleas.

For the plaintiff in error, *Weller & Lichtenstein.*

The opinion of the court was delivered by

MINTURN, J. The writ of error in this case brings up for review the conviction, on the verdict of a jury, of the defend-

ant in the Hudson Quarter Sessions, for keeping a disorderly house in the city of Hoboken.

The assignments of error are directed mainly to the rulings of the trial court upon questions of evidence. Burrone, a detective, was allowed to testify, over objection, concerning the arrest and conviction, for offences committed elsewhere, of certain confessedly lewd women who were admitted to defendant's public house. Regarding one of these, the witness testified, in reply to the prosecutor's question, "she pleaded guilty in open court." Regarding another, he testified that he arrested her and "she had been fined and sent away." Regarding another, "she pleaded guilty, and was sentenced to fifteen days." And of still another he testified, "she was sentenced to thirty days, and the man was held for the grand jury."

It should suffice to say, for the purposes of this case, that the general reputation of these women, under the well established rules of evidence, could not be shown by this method of proof. Evidence of specific acts of immorality are not competent to prove the general reputation of a witness in the community so as to charge the defendant, in contemplation of law, with knowledge of such fact. Knowledge, actual or constructive, of the general immoral character of the habitues of a public place, forms the gravamen of the indictment; and specific acts of immorality are irrelevant and inadmissible upon that issue. *Steph. Dig. Ev.* 303; *Rice Evid.* 1243; 16 *Cyc.* 1275, and cases; *Bullock* v. *State,* 36 *Vroom* 557.

We conceive that the admission of this testimony was prejudicial to the defendant; and without considering the other assignments of error, we conclude that the judgment of conviction should be reversed.